UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SCOTT FINESTONE and REBECCA FINESTONE, individually, and as parents and friends of ZACHARY FINESTONE,

    Plaintiffs,

vs.

FLORIDA POWER & LIGHT COMPANY, a Florida Public Utility Corporation,

    Defendant.

    _____/

TISH BLAKE and JOHN LOWE, as personal representatives of the estate of ASHTON LOWE, and TISH BLAKE and JOHN LOWE as the surviving parents of ASHTON LOWE,

    Plaintiffs,

vs.

FLORIDA POWER & LIGHT COMPANY, a Florida Public Utility Corporation,

    Defendant.

    _____/

CASE NO. 03-14040-CIV-COHN

CASE NO. 04-14128-CIV-COHN



**NIGHT BOX FILED**

DEC 1 - 2005

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL



## DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. ROBERT PETER GALE AND REQUEST FOR *DAUBERT* HEARING

Pursuant to Federal Rules of Evidence 104(a), 403, 702 and 703, Defendant Florida Power & Light Company ("FPL") moves to exclude the testimony of Plaintiffs' expert, Dr. Robert Peter Gale ("Gale"), and requests that the Court hold a *Daubert* hearing to determine the admissibility of that testimony. In support, FPL states:

    1.    As detailed in the accompanying Memorandum in Support of Defendant's Motion to Exclude Testimony of Dr. Robert Peter Gale ("Gale"), under Rule 702, *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), and its progeny, scientific evidence is not



CASE NO. 03-14040-CIV-COHN
CASE NO. 04-14128-CIV-COHN

admissible unless it is both reliable and relevant. *United States v. Henderson*, 409 F.3d 1293, 1304 (11th Cir. 2005); *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005). The expert's testimony must constitute scientific knowledge *and* assist the trier of fact to understand the evidence or determine a fact at issue. *Henderson*, 409 F.3d at 1304.

2. To determine if expert evidence is admissible, the trial court must consider whether: (1) the expert is qualified to testify competently on the matter about which he will testify; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry *Daubert* mandates; and (3) his testimony will assist the trier of fact, by applying scientific or specialized expertise, to understand the evidence or determine a fact in issue. *United States v. Buonsignore*, ___ F.3d ___, 131 Fed. App. 252, 255 (11th Cir. 2005); *United States v. Frazier*, 387 F.3d 1244, 1258 (11th Cir. 2004), *cert. denied*, ___ U.S. ___, 125 S. Ct. 2516, 161 L.Ed. 2d 1114 (2005); *Rink*, 400 F.3d at 1291-92; *City of Tuscaloosa v. Harcros Chems.*, 158 F.3d 548, 562 (11th Cir. 1998).

3. The Eleventh Circuit, citing the Supreme Court's decision in *Kumho Tire*, has declared that "the primary purpose of any Daubert inquiry is for the district court to determine whether [the] expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *McClain v. Metabolife Intern., Inc.*, 401 F.3d 1233, 1255 (11th Cir. 2005) (*citing Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 151, 152 (1999)). The Court must, therefore, screen out expert testimony that is not scientifically reliable or trustworthy for the factfinder to consider. *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005). Thus, even if Gale's testimony was relevant (which it is not), it must be excluded if Plaintiffs cannot establish that it is scientifically reliable.

CASE NO. 03-14040-CIV-COHN
CASE NO. 04-14128-CIV-COHN

4. Here, Plaintiffs have failed to carry their substantial burden to demonstrate that Gale's opinions are reliable, based on sound methodology, and will assist the trier of fact to understand the evidence or determine a fact in issue. *Cook v. Sheriff of Monroe County*, 402 F.3d 1092, 1113 (11th Cir. 2005); *Rink*, 400 F.3d at 1292; *McDowell v. Brown*, 392 F.3d 1283, 1297 (11th Cir. 2004); *see also Hall v. United Ins. Co.*, 367 F.3d 1255, 1261 (11th Cir. 2004); *Quiet Tech, DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1340-41, 1347 (11th Cir. 2006) (*citing* Harcros, 158 F.3d at 562).

5. First, while Gale opines that radiation caused or substantially contributed to Plaintiffs' cancers, his expert report cites no medical or scientific literature identifying neuroblastoma or medulloblastoma as an effect on radiation. Gale appears to have relied solely on one scientific or medical reference, the 1990 BEIR V report of the National Academy of Sciences. While BEIR V, in its subchapter on brain and nervous system tumors, discusses various types of tumors (*e.g.*, meningiomas), it makes *no reference* to either medulloblastoma or neuroblastoma. This approach lacks the requisite scientific rigor established by the Eleventh Circuit as the hallmark of reliable expert testimony. *McClain*, 401 F. 3d at 1248 (drawing unauthorized conclusions from limited data is indicative of expert's lack of scientific rigor).

6. More importantly, Gale cannot survive a *Daubert* inquiry because his opinions are not based on a reliable methodologically and are not supported by any scientific or medical evidence. Specifically, Gale cannot cite to, and does not know of: (1) *any* epidemiological studies showing a significant excess of medulloblastoma from radiation, or any medical or scientific literature reporting radiation causing this disease; (2) *any* epidemiological studies or other scientific or medical literature showing a significant excess of neuroblastoma from radiation exposure where the relative risk was 2.0 or greater; or (3) *any* studies showing a

3

significant excess of neuroblastoma from postnatal exposure. Finally, Gale offers no explanation as to how postnatal radiation exposures for Plaintiffs could have caused or contributed to their cancers in light of the 10-year minimal latency period for radiation causing cancers other than leukemia, breast and thyroid. Absent identifiable scientific support, nothing in the Federal Rules of Evidence permits admission of opinion evidence based solely on the *ipse dixit* of an expert. *Rink*, 184 F.3d at 1315.

7. Finally, exclusion is warranted under Rule 403 because any potential relevance is greatly outweighed by the danger that his testimony will confuse the issues, mislead the trier of fact, and unfairly prejudice FPL.

8. The particular reasons why Gale's testimony and opinions fail under the Federal Rules, and cannot survive the inquiry mandated by *Daubert* and its progeny, are set forth in further detail in the Memorandum, and are incorporated herein by reference.

WHEREFORE Defendant Florida Power & Light Company, for the reasons stated herein and in the accompanying Memorandum, respectfully requests that the Court exclude the testimony of Plaintiffs' expert Dr. Robert Peter Gale.

CASE NO. 03-14040-CIV-COHN
CASE NO. 04-14128-CIV-COHN

## CERTIFICATION OF COUNSEL

Counsel for FPL contacted Plaintiffs' counsel regarding the relief sought in this motion, but no agreement could be reached.

Dated this 1st day of December 2005.

Respectfully submitted,

SQUIRE, SANDERS & DEMPSEY LLP
200 South Biscayne Blvd.
Suite 4000
Miami, Florida 33131-2398
Telephone: 305.577.2835
Facsimile: 305.379.7146
E-mail: adavis@ssd.com

By: _____
Alvin B. Davis, P.A.
Florida Bar No. 218073
Denise B. Crockett
Florida Bar No. 327913
Patrick J. O'Connor
Florida Bar No. 0715778


Donald E. Jose, Esquire
JOSE & WIEDIS
Goshen Executive Center
1450 E. Boot Road, Suite 300B
West Chester, PA 19380
Telephone: 610-436-1888
Facsimile: 610-436-1863
E-mail: djose1@comcast.net

Ralph H. Johnson, Esquire
SCHMELTZER, APTAKER & SHEPARD, PC
2600 Virginia Avenue, NW
Suite 1000
Washington, DC 20037
Telephone: 202.342.3426
Facsimile: 202.625.3310
E-mail: rhj@saslaw.com

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was, on this 1st day of December, 2005 furnished via U.S. mail to: Nancy La Vista, Esq., Lytal, Reiter, Clark, Fountain & Williams, LLP, 515 N. Flagler Drive, Suite 1000, West Palm Beach, Florida 33401.

_____
Patrick J. O'Connor